JAMES ALLEN JOHNSON, City Attorney, SBN 234962
REBECCA L. MCKEE-REIMBOLD, Assistant City Attorney,SBN 279485
HEATHER K. GRAY, Sr. Deputy City Attorney, SBN 222918
AISHA C. NOVASKY, Deputy City Attorney, SBN 328120
**OFFICE OF THE CITY ATTORNEY – City of Riverside**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone: (951) 826-5567
Facsimile: (951) 826-5540
anovasky@riversideca.gov
blue@riversideca.gov

Attorneys for Defendant CITY OF RIVERSIDE,
a California charter city and municipal corporation
(erroneously sued as CITY OF RIVERSIDE, a municipal entity)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC E. AMBRIZ<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RIVERSIDE, a municipal entity; and DOES 1 to 2, in their individual capacity,<br><br>Defendants. | **CASE NO.: 8:26-CV-1522-JWH**<br><br>**DEFENDANT CITY OF RIVERSIDE'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: June 15, 2026<br>Trial Date:      None Set |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendant CITY OF RIVERSIDE, a California charter city and municipal corporation ("Defendant City" or "City"), for itself and for no other defendants, answers Plaintiff ISAAC AMBRIZ's Complaint filed in the United States District Court, Central District of California on June 15, 2026. Unless specifically admitted, Defendant City denies all allegations in the Complaint.

## JURISDICTION AND VENUE

1. Answering the Complaint, paragraphs 1-3, DEFENDANT CITY admits all allegations.

## PARTIES

2. Answering the Complaint, paragraph 4, DEFENDANT CITY lacks sufficient knowledge or information to admit or deny the allegation regarding PLAINTIFF's residence at the time the allegations giving rise to this action occurred.

3. Answering the complaint, paragraph 5, DEFENDANT CITY admits it is and was a municipal corporation in the State of California, and that the Riverside Police Department is an agency of DEFENDANT CITY. DEFENDANT CITY denies all remaining allegations because (1) the allegations are untrue, (2) the other allegations contain legal conclusions and/or arguments for which no response is required, or (3) DEFENDANT CITY lacks sufficient knowledge or information to admit or deny the allegations.

4. Answering the Complaint, paragraphs 6-9, DEFENDANT CITY lacks sufficient knowledge or information to admit or deny the allegations.

## FACTUAL ALLEGATIONS

5. Answering the complaint, paragraphs 10-14, DEFENDANT CITY admits all allegations.

6. Answering the complaint, paragraph 15, DEFENDANT CITY admits that Riverside Police Department (RPD) Air Support was dispatched to the scene, located Plaintiff, and that Plaintiff was stumbling. DEFENDANT CITY admits the owner of Shindig's called the police to report that Plaintiff was intoxicated, had two handguns, and the owner got Plaintiff to leave Shindigs. DEFENDANT CITY lacks sufficient knowledge or information to admit or deny what information, if any, RPD Air Support conveyed to the responding officers.

7. Answering the complaint, paragraph 16, DEFENDANT CITY admits that two RPD officers arrived at Shindig's parking lot on motorcycle. DEFENDANT CITY lacks sufficient knowledge or information to admit or deny whether the RPD officers arrived a few minutes later.

8. Answering the complaint, paragraphs 17-34, DEFENDANT CITY denies all allegations because (1) the allegations are untrue, (2) the other allegations contain legal conclusions and/or arguments for which no response is required, or (3) DEFENDANT CITY lacks sufficient knowledge or information to admit or deny the allegations.

## FIRST CAUSE OF ACTION

9. Answering the complaint, paragraph 35, DEFENDANT CITY repleads and incorporates by reference, as though fully set forth here, the responses contained in paragraphs 1-9 of this Answer.

10. Answering the complaint, paragraphs 36-39, DEFENDANT CITY denies all allegations because (1) the allegations are untrue, (2) the other allegations contain legal conclusions and/or arguments for which no response is required, or (3) DEFENDANT CITY lacks sufficient knowledge or information to admit or deny the allegations.

## SECOND CAUSE OF ACTION

11. Answering the complaint, paragraph 40, DEFENDANT CITY repleads and incorporates by reference, as though fully set forth here, the responses contained in paragraphs 1-11 of this Answer.

12. Answering the complaint, paragraph 41-45, DEFENDANT CITY denies all allegations because (1) the allegations are untrue, (2) the other allegations contain legal conclusions and/or arguments for which no response is required, or (3) DEFENDANT CITY lacks sufficient knowledge or information to admit or deny the allegations.

## THIRD CAUSE OF ACTION

13. Answering the complaint, paragraph 46, DEFENDANT CITY repleads and incorporates by reference, as though fully set forth here, the responses contained in paragraphs 1-13 of this Answer.

14. Answering the complaint, paragraphs 47-55, DEFENDANT CITY denies all allegations because (1) the allegations are untrue, (2) the other allegations contain legal conclusions and/or arguments for which no response is required, or (3) DEFENDANT CITY lacks sufficient knowledge or information to admit or deny the allegations.

## FOURTH CAUSE OF ACTION

15. Answering the complaint, paragraph 56, DEFENDANT CITY repleads and incorporates by reference, as though fully set forth here, the responses contained in paragraphs 1-15 of this Answer.

16. Answering the complaint, paragraphs 57-61, DEFENDANT CITY denies all allegations because (1) the allegations are untrue, (2) the other allegations contain legal conclusions and/or arguments for which no response is required, or (3) DEFENDANT CITY lacks sufficient knowledge or information to admit or deny the allegations.

## PRAYER FOR RELIEF

DEFENDANT CITY denies that PLAINTIFF is entitled to the relief requested or any relief at all.

Furthermore, DEFENDANT CITY alleges the following affirmative defenses with respect to each cause of action:

## FIRST AFFIRMATIVE DEFENSE

### (Immunity)

17. DEFENDANT CITY is immune from liability under Federal and California state laws because the actions were reasonable, done in good faith, and without malice under the authority of federal and state law.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

18. The Complaint and every cause of action therein fails to state a claim for which relief can be granted and therefore should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

19. The Complaint and every cause of action therein is barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

20. PLAINTIFF was guilty of comparative fault or negligence in the matters set forth in the Complaint which proximately caused or contributed to the injuries or damages alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Acts of Others)

21. Any damages allegedly incurred by PLAINTIFF is the result of the acts, omissions, conduct, negligence, or breach of PLAINTIFF and/or persons other than DEFENDANT CITY.

## SIXTH AFFIRMATIVE DEFENSE

### (No Causation of Damages)

22. The Complaint, and each and every cause of action stated therein, is barred as no conduct, act or omission on the part of DEFENDANT CITY was a substantial factor in causing PLAINTIFF's alleged damages, nor was any act or omission on the part of DEFENDANT CITY a contributing cause of the alleged damages purportedly suffered by PLAINTIFF. Any alleged acts or omissions were superseded by the acts and omissions of other persons, including PLAINTIFF, and were independent, intervening, and unforeseeable, and were the proximate cause of any damages allegedly suffered by PLAINTIFF.

## SEVENTH AFFIRMATIVE DEFENSE

### (Vague, Ambiguous and Uncertain)

23. The Complaint and each and every claim therein are uncertain, unintelligible, vague and ambiguous pursuant to Rule 8 of the Federal Rules of Civil Procedure.

## EIGHTH AFFIRMATIVE DEFENSE

### (Apportionment)

24. PLAINTIFF's alleged damages, if any, resulted from conduct of parties, persons or entities other than DEFENDANT CITY, and the liability of DEFENDANT CITY, if any, is therefore limited in direct proportion to the percentage of fault actually attributable to DEFENDANT CITY.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

25. PLAINTIFF has inexcusably and unreasonably delayed the filing of this Complaint causing substantial prejudice to DEFENDANT CITY. Therefore, PLAINTIFF is barred from recovery herein by reason of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

26. PLAINTIFF is guilty of unclean hands and is thus barred from obtaining the relief sought in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

27. PLAINTIFF's own conduct estops him from seeking the relief claimed in this lawsuit.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

28. DEFENDANT CITY and its agents, if any, acted reasonably and in good faith at all times material herein, based on all the relevant facts, law, and circumstances known by them at the time they acted. Accordingly, PLAINTIFF is barred in whole or in part, from any recovery in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

29. PLAINTIFF's claims are barred under the doctrine of mootness.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Frivolous Lawsuit)

30. PLAINTIFF filed and served this Complaint against DEFENDANT CITY as a result of bad faith actions or tactics that are frivolous.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Discretionary Acts of Public Employees)

31. The acts or omissions complained of in the Complaint were the result of the exercise of the discretion vested in public employees while acting in the scope of their public employment, and whether or not such discretion was abused, DEFENDANT CITY is immune from liability.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute Only)

32. To the extent the Complaint herein purports to state causes of action not specifically allowed by the Government Code, DEFENDANT CITY is immune from liability herein and the Complaint is barred under the provisions of Tort Claims Act, including but not limited to, Government Code sections 815; 815(b); 815.2; 815.2(b); 815.4; 818, 818.2; 818.4; 818.6; 818.8; 820; 820(b); 820.2; 820.8; 821; 821.2; 821.4; 822.2; 830, 830.2; 830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835, 835.2; 835.4; 840; 840.2; 840.4; 840.6.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statutory Immunity)

33. The Tort Claims Act as a measure of the duty of DEFENDANT CITY and its employees and that liability of a public entity is subject to any immunity provided by statute, and DEFENDANT CITY is immune from liability pursuant to all relevant statutes including, but not limited to, the provisions of California Government Code section 810 et seq., 815, 815.4, 815.6, 818, 818.6, 820.2, 821.4, 830.2, 830.4, 830.6, 830.8, 830.9, 831, 831.2, 831.21, 831.25, 831.3, 831.4, 831.6, 831.7, 831.8, 835, 835.2, 835.4, 840, 840.2, 840.4, and 840.6.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Separation of Powers)

34. PLAINTIFF's claims are barred, in whole or in part, by the doctrine of Separation of Powers.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

35. PLAINTIFF's claims are barred, in whole or in part, by the Statute of Frauds.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Pursue Administrative Process and Remedies)

36. PLAINTIFF's claims are barred by his failure to pursue the administrative process and remedies available to him.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (*Heck* Doctrine)

37. The specific acts that formed the basis for PLAINTIFF's criminal conviction bar PLAINTIFF's claims in the instant lawsuit pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994) and its progeny.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation)

38. Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred cannot be determined until DEFENDANT CITY has an opportunity to complete discovery. Thus, DEFENDANT CITY incorporates all such affirmative defenses as though fully set forth herein and reserves herein the right to assert additional defenses in the event that the discovery indicates they would be appropriate.

**WHEREFORE**, Defendant City of Riverside respectfully requests that this Court:

1. Enter judgment in favor of Defendant City of Riverside on all claims;

2. Dismiss Plaintiff's complaint with prejudice;

3. Award Defendant City its reasonable costs and attorneys' fees to the extent permitted by law; and

4. Grant such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant City of Riverside demands a trial by jury on all triable issues.

DATED:  August 4, 2026                    OFFICE OF THE CITY ATTORNEY

By: _____

AISHA C. NOVASKY
Attorneys for Defendant
CITY OF RIVERSIDE