Peter Bibring, SBN 223981
peter@bibringlaw.com
LAW OFFICE OF PETER BIBRING
2210 W. Sunset Blvd. #203
Los Angeles, CA 90026
(213) 471-2022

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAAC E. AMBRIZ,<br>PLAINTIFF,<br>v.<br>CITY OF RIVERSIDE, *et al.*,<br>DEFENDANTS. | Case No. 8:26-cv-01522-JWH-PVC<br>**JOINT DISCOVERY REPORT PURSUANT TO RULE 26(f)** |

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Order Setting Scheduling Conference (ECF 16), the parties submit this Joint Rule 26(f) Report. In accordance with the Court's Order, counsel met and conferred on [no later than 21 days prior to 10/2/26 scheduling conference], regarding the topics enumerated in Fed. R. Civ. P. 26(f) and the Court's Order.

**1. Statement of the Case**

**Plaintiff's Statement**

Plaintiff Isaac Ambriz alleges that City of Riverside Police Department ("RPD") officers shot and injured him in violation of his rights under the Fourth Amendment and California law.

At about 7 p.m. on May 8, 2025, about half an hour before sunset, the owner of Shindig's County Kitchen Bar & Stage ("Shindig's") a Riverside restaurant located in a large outdoor mall or shopping center called the police to report that a patron (later identified as Mr. Ambriz) had been in the restaurant's bar area, had been intoxicated, and had taken out a gun and showed it to other patrons. The caller stated that he had gotten Mr. Ambriz to leave the bar, but that he had two guns. The caller told the dispatcher:

> [H]e's not acting like confrontational. He was really nice to me. Like, I'm not, like, trying to say this guy's acting like he's threatening us. He's just drunk and he happens to have a gun with him. He's a nice guy. I had a civil conversation. But I had to get him out of here because he showed the customers a gun.

The complaint alleges that officers from the Riverside PD air support unit were dispatched to the scene and located Mr. Ambriz walking back and forth on the parking lot sidewalk outside Shindig's, visibly stumbling. Defendant officers Doe 1 and Doe 2 responded to the scene and pulled into the parking lot on motorcycles, where Mr. Ambriz was still walking up and down the sidewalk outside Shindig's and still stumbling and visibly intoxicated. The complaint alleges that at this time, Mr. Ambriz no longer had a gun on his person — the gun or guns had been placed inside his car.

The complaint alleges that as the defendant officers came to a stop near the entrance to the parking lot, Officer Doe 2 spoke over his motorcycle's PA system and ordered Mr. Ambriz to get on the ground. Mr. Ambriz turned to face the officers, raised his hands in the air, then walked back toward them, still visibly intoxicated.

As Mr. Ambriz approached his car, Officer Doe 1 yelled "Don't get in the car! Don't get in the car!" then "He's reaching for his waistband!" The complaint alleges that Officer Doe 1 could see Mr. Ambriz's hands were no longer raised over his head, but his view of Mr. Ambriz's lower body was blocked by Mr. Ambriz's car. Officer Doe 1 then fired two shots, at least one of which struck Mr. Ambriz in the head. Officer Doe 1 fired less than fifteen seconds after the officers stopped their motorcycles and less than fifteen seconds after Officers Doe 1 and Doe 2 began giving instructions to Mr. Ambriz.

At the time Officer Doe 1 fired, Mr. Ambriz did not have any guns on his person, was not pointing anything at officers, and did not have anything in his hands. Officer Doe 1 therefore did not see Mr. Ambriz pointing anything at the officers, nor did Officer Doe 1 see anything in Mr. Ambriz's hands. Another Riverside PD unit arrived in a patrol car with two officers, less than ninety seconds after Officers Doe 1 and Doe 2 arrived.

Officers transported Mr. Ambriz to the hospital, where he was admitted and held for two days for treatment and monitoring, including suturing of a large scalp laceration from which he lost a significant amount of blood. He was intubated overnight and catheterized, both of which caused pain and distress, and his catheter was not removed until several weeks later. As a result of the Defendants' actions, Mr. Ambriz suffered pain, emotional and psychological distress.

**<u>Defendant City of Riverside's Statement</u>**

This case arises out of a police shooting that occurred on May 8, 2025 in the City of Riverside. In the hours prior to the shooting, Plaintiff consumed copious amounts of alcohol, and according to the owner of Shindigs, he was inebriated prior to arriving at the bar. Plaintiff was carrying two loaded 40 caliber handguns, and he pulled at least one of them from his waistband and began displaying it to other patrons. The owner escorted

Plaintiff out of the bar and to his vehicle, at which point Plaintiff drove around the parking lot, then parked and attempted to reenter Shindigs. The owner locked the front door for the safety of his patrons, then called 911 at approximately 7:00 p.m.

Two uniformed Riverside Police Department officers arrived in response to the 911 call. Once the officers identified Plaintiff, one of them issued commands from their PA system, telling Plaintiff repeatedly to get on the ground. Plaintiff instead walked diagonally towards the rear passenger door on the driver's side of his vehicle, while simultaneously reaching for his waistband with his right hand. In that moment, one officer fired two shots, striking Plaintiff. On June 20, 2025, Plaintiff pled guilty to carrying a loaded firearm and silencer (felonies), as well as resisting a peace officer (misdemeanor), and was sentenced to two years of formal probation.

**2. Subject Matter Jurisdiction:** Because Plaintiff brings Fourth Amendment excessive force claims under federal law, 42 U.S.C. § 1983, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction to consider Plaintiff's state law claims alleging excessive force and battery under California law arising from under 28 U.S.C. § 1367, as these state law claims arise from the same common nucleus of operative facts as Plaintiff's federal excessive force claim.

**3. Legal Issues:**

Key legal issues will include whether Officer Doe 1's decision to shoot Mr. Ambriz constituted an unreasonable use of deadly force under the Fourth Amendment, whether Officer Doe 1 is entitled to qualified immunity, whether Officer Doe 1 used deadly force unnecessarily in violation of Penal Code § 835a and the Bane Act, Civil Code § 52.1; whether the use of force constitutes battery; whether the shooting was justified, whether the officers' conduct was reasonable under the circumstances, whether excessive force was used, whether the elements of any or all of the alleged claims for relief are proven; and whether the Officer's tactical decisions leading up to the shooting were negligent. Should Plaintiff amend the complaint to add a *Monell* claim, a key legal issue will include whether there is municipal liability.

**4. Parties, Evidence, etc.:**

Parties: Isaac Ambriz, Officer Doe 1, Officer Doe 2, the City of Riverside

Witnesses: The bar owner, bar patrons and employees, involved dispatcher(s), other responding RPD officers (including air support); Mr. Ambriz's treating physicians.

Key documents: Body-worn camera video, surveillance video, any other video of the incident; all police and emergency communications from the incident; all materials and evidence collected and investigated at the scene and created in RPD's investigation into the shooting of Mr. Ambriz; all communications by RPD about the incident; Mr. Ambriz's relevant medical records; records pertaining to Plaintiff's underlying criminal charges and subsequent conviction.

**5. Damages:** Plaintiff is still determining provable damages, and his emotional distress remains ongoing, but anticipates the possibility of damages up to the seven-figure range. Defendants contend there is no liability in this case, and if there were, defendants are entitled to qualified immunity. Defendants further assert that Plaintiff's claims are barred by the *Heck* doctrine.

***6.* Insurance:** Defendant City of Riverside is self-insured with an excess policy.

**7. Motions:**

Plaintiff anticipates filing a motion to amend the complaint to name the Doe defendants and may seek to add additional parties (including the City of Riverside as a defendant on the Fourth Amendment claim under *Monell*) if discovery provides a factual basis for such claims. Plaintiff may file an affirmative motion for partial summary adjudication, discovery motions, and motions in limine, as justified in the course of litigation.

Defendant City of Riverside anticipates filing a motion for summary judgment and motions in limine. Defendant reserves the right to bring discovery motions as needed. Defendant will move to bifurcate if the facts warrant it.

**8. Manual for Complex Litigation:** The parties agree that the Manual for Complex Litigation should not be used for this case.

**9. Status of Discovery:** The parties have taken no discovery to date but

anticipate service requests for production of documents and special interrogatories soon.

**10.Discovery Plan:** The parties do not propose any changes in the disclosures under the rules and do not believe discovery need be conducted in phases.

The parties anticipate entering into a discovery protective order based on the magistrate's model order.

Plaintiff anticipates conducting discovery on all evidence and documentation gathered relating to the shooting at issue, including RPD's subsequent investigation and any corrective action taken; communications about the incident; as well as policies and training the officer defendants received related to use of deadly force, tactics, and de-escalation; and prior investigations or complaints of excessive force, dishonesty, or other misconduct against the officer defendants.

Defendant anticipates conducting discovery on Plaintiff's actions prior to and at the time of the incident, the criminal charges and subsequent conviction underlying the instant action, and his alleged damages.

**11.Discovery Cut-off:** See worksheet.

**12.Expert Discovery:** See worksheet.

**13.Dispositive Motions:** Defendants will file a motion for summary judgment as to all claims alleged.

**14.Settlement Conference/Alternative Dispute Resolution (ADR):** The parties request a settlement conference with the assigned magistrate or a referral to another magistrate agreed upon by the parties.

**15.Trial Estimate: 5 days.**

Plaintiff estimates calling 7 to 10 witnesses, including experts. Defendant estimates calling 8-10 witnesses, including experts.

**16.Trial Counsel:**

For Plaintiff, Peter Bibring, Law Office of Peter Bibring.

For Defendant, Aisha C. Novasky, Deputy City Attorney, City of Riverside.

**17. Independent Expert or Master:** The parties agree this is not a case where the Court should consider appointing a master or independent scientific expert.

**18. Timetable:** See attached worksheet.

**19. Amending Pleadings and Adding Parties:**

Plaintiffs anticipate seeking to amend the complaint to identify the Doe defendants. Plaintiffs may also seek to amend the complaint to add additional defendants (including possibly adding claims against the City under *Monell*) as warranted by facts developed in discovery in this case. Plaintiffs will seek a stipulation from the other parties for any such amendments, or will move to amend pursuant to the Federal Rules of Civil Procedures and Local Rules of the Central District of California.

**20. Other Issues:**

Plaintiff does not anticipate any unusual, challenging, or difficult issues in this case beyond typical excessive force cases.

Defendant may seek bifurcation should the facts warrant it.

**21. Consent to Proceed Before a Magistrate Judge:** The parties do not consent to have the case assigned to a Magistrate Judge for all purposes, but do wish to have settlement proceedings before a Magistrate Judge.

Dated: September 17, 2026

Respectfully submitted,

LAW OFFICE OF PETER BIBRING[1]

By: ______________________
Peter Bibring

*Attorney for Plaintiff*

Dated: September 16, 2026

OFFICE OF THE CITY ATTORNEY

By: ______________________
AISHA C. NOVASKY
Attorneys for Defendant
CITY OF RIVERSIDE

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed and on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.